# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| 1205 COASTAL, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. S22C-07-002 CAK |
| COVE OWNERS ASSOCIATION, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Submitted: February 29, 2024
Decided: March 8, 2024

*Upon Affidavits for Attorneys' Fees*

## DENIED IN PART AND GRANTED IN PART

## <u>ORDER</u>

Richard E. Berl, Jr., Esquire, Hudson Jones Jaywork & Fisher, LLC, 34382 Carpenter's Way, Suite 3, Lewes, DE 19958, Attorney for Plaintiff.

Robert J. Valihura, Esquire, Morton, Valihura & Zerbato, LLC, 3704 Kennett Pike, Suite 200, Greenville, DE 19807, Attorney for Defendant.

Aaron E. Moore, Esquire and M. Claire McCudden, Esquire, Marshall Dennehey, P.C., 1007 North Orange Street, Suite 600, P.O. Box 8888, Wilmington, DE 19899-8888, Attorneys for Defendant.

**KARSNITZ, R. J.**

In my Opinion dated January 29, 2024, I discussed the request of each party to award it attorneys' fees and costs against the other. Specifically, Defendant requested such relief under two statutory provisions of the Delaware Uniform Common Interest Ownership Act ("DUCIOA")[1]

The first is 25 *Del. C*. §81-417(a), which provides that if a "person subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. The court, in an appropriate case, may award court costs and reasonable attorneys' fees." Defendant argued that the Court of Common Pleas had already ruled in its favor on the statutory lien in an amount well above the amount of the recorded lien, yet Plaintiff commenced this lawsuit in Superior Court solely on the basis of the recorded lien, in an attempt to avoid its obligations under the statutory lien, even though the decision of the Court of Common Pleas on attorneys' fees was still pending. Defendant claimed that it is a person adversely affected by Plaintiff's failure under DUCIOA to comply with its obligations under the Cove Declaration and that is was harmed by Plaintiff's prosecution of this lawsuit.

The second is 25 *Del. C*. § 81-316(a), which provides that, in its efforts under

---

[1] 25 *Del. C*. § 81-101 *et seq.*

2

DUCIOA to collect the amounts due to it under the statutory lien, Defendant is entitled to, *inter alia,* "court costs and reasonable attorneys' fees incurred in attempting collection of the same." In defending this action, Defendant was compelled to further litigate – beyond the Court of Common Pleas -- the issue of whether it was entitled to past due assessments and charges. The statute does not provide that only a prevailing plaintiff can recover legal fees and costs. It provides for recovery by Defendant "as a result of an administrative or judicial decision."[2]

In Delaware the general rule is that each party bears its attorneys' fees and expenses of litigation unless there is a "contractual or statutory basis for liability."[3] A provision for personal liability for attorneys' fees contained in the Cove Declaration or DUCIOA is an enforceable contractual obligation against a record owner of a condominium unit.[4] I may order payment of reasonable attorneys' fees and costs so long as such payment is authorized by some provision of statute or contract.[5] Both the Cove Declaration and DUCIOA entitle Defendant to reasonable attorneys' fees and costs incurred in the obtaining and collection of this summary judgment.

---

[2] 25 *Del. C.* § 81-316(a).
[3] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 370 (Del. Super. 1982).
[4] *Id.*
[5] *Id.*

After rendering judgment for Defendant, and after reviewing the facts and procedural history of the case, I awarded attorneys' fees to Defendant. I asked counsel for Defendant to file for my review an Affidavit of Attorneys' Fees within twenty-one (21) days of the Opinion and counsel for Plaintiff to file any response to the Affidavit of Attorneys' Fees within fourteen (14) days thereafter. Both counsel have done so within the prescribed time period.

The Affidavits and related correspondence I received from counsel for the Defendant were disappointing and inadequate. The fees of Morton, & Zerbato, LLC were summarily stated in dollars and billable hours for lawyers and staff, without any breakdown of which lawyer or staff person provided the legal services, what the legal services were, when the legal services were provided, and at what applicable billing rate the legal services were provided.

Similarly, the fees of Marshall Dennehy, P.C. are stated as a lump sum with no breakdown of which lawyer or staff person provided the legal services, what the legal services were, when the legal services were provided, and at what applicable billing rate the legal services were provided.

With this minimal information, it is impossible for me to ascertain whether the legal services and the fees therefor were reasonable and proportionate to the results obtained by Defendant.

4

Therefore, I deny the award of attorneys' fees to Defendant in this case with prejudice, and only award the amount of costs and expenses as set forth in the Affidavits.

It is therefore unnecessary for me to consider the arguments of counsel for Plaintiff that the attorneys' fees for one of Defendant's attorneys are duplicative and therefore constitute a windfall.

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz

cc:     Prothonotary